IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARQUETTE JACKSON, | CASE NO. 1:18 CV 450 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OF OPINION |
| UNITED STATES, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Marquette Jackson filed the above-captioned action against the United States and Detective Rawles. The Complaint is composed entirely of vulgarity. It contains no facts, no legal cause of action and no claim for relief.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's Complaint is frivolous. He makes no attempt to meet any of the basic pleading requirements and appears to offer this Complaint solely to harass Rawles. That is not an acceptable uses of the Court's time and resources.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings;

however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). The Court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, this Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner. Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. at 184-85; *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4-5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010). Plaintiff has abused that privilege. His Application to Proceed *In Forma Pauperis* is denied. He is ordered to pay the full filing fee of $400.00 within thirty days of the date of this Order. This Court will not accept any additional filings in this case until Plaintiff has paid the full filing fee of $400.00. Any document submitted to the Court without the proper filing fee will be returned, unfiled, by the Clerk's office.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is denied and this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. Plaintiff is ordered to pay the full filing fee of $ 400.00 within thirty days of the date of this Order. No additional documents will be accepted for filing in this case until the filing fee of $400.00 has been paid in full. The Clerk's Office is instructed to return, unfiled, any documents submitted by Plaintiff prior to payment of the filing fee. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 11, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.